## EL RENO BROOM CO. et al. v. ROBERTS et al.

No. 19307.  Opinion Filed Sept. 24, 1929.

J. S. Ross and S. J. Clay, for petitioners.

A. G. Morrison and A. L. Morrison, for claimant.

Ralph G. Thompson, for respondent.

HUNT, J. This is an original proceeding in this court to review an award of the State Industrial Commission in a proceeding wherein I. N. Roberts appeared as claimant and El Reno Broom Company was respondent and Continental Casualty Company was insurance carrier, and the parties will be so referred to herein.

On June 6, 1927, the claimant, I. N. Roberts, sustained an injury on the premises of the respondent when he slipped and fell from a certain platform, as disclosed by employee's first notice of injury and claim for compensation, which was filed with the State Industrial Commission on July 8, 1927. After hearings duly had by the Commission, the order and award herein complained of was, on April 5, 1928, entered in favor of claimant.

Respondent contends that there is no evidence to support the award herein, and that same is contrary to law.

From a careful review of this entire record and upon consideration of the respective contentions of the parties, we are of the opinion that the decisive question here presented is whether or not the claimant was in the employ of respondent at the time of the injury. Claimant contends that this was a question of fact to be determined by the Industrial Commission, which had been determined by the Commission in favor of claimant, and calls our attention to the oft-announced rule that this court will not review questions of fact where there is any competent evidence to support the finding of the Commission. This rule is too well settled to require the citation of authorities, and has been applied and followed in numerous cases before this court wherein the evidence upon which the award of the Commission was sustained was indeed slight, but, since the compensation law was passed for the benefit of injured employees and must receive a most liberal construction, we consider this rule most wholesome and just and absolutely essential to a proper administration of the Compensation Law. However, even though awards of the Industrial Commission have been and will be sustained upon very slight evidence, it is essential that the claimant be an employee of the respondent within the meaning of the Compensation Act at the time of the injury, and as to whether or not the facts as disclosed by the record establish the existence of the relation of employer and employee within the meaning of the Compensation Law, is one of law for the court.

It becomes necessary, therefore, to determine, first, just what is necessary to create the relation of employer and employee within the meaning of the Compensation Law; and, second, whether there is any evidence supporting the finding of the existence of such relation herein between the claimant and respondent. Considerable testimony was introduced on this subject, claimant making much of the fact, as disclosed by the record, that he had first entered the employ of respondent in 1918, some nine years prior to the injury, and had continued "off and on" in said employment since that time. It is not a question, however, as to when the employment began nor how long it continued, but the question is, Did same exist on the date of the injury? And if so, did the injury arise out of and in the course of said employment? With which latter questions, however, we are not concerned in the determination of the primary question as to the existence of the relation of employer and employee.

The undisputed facts herein are that claimant was first employed by respondent in August, 1918, as a broommaker, and worked "irregular," being laid off frequently for indefinite periods and would be called back to work when needed; that during these "lay-off periods" claimant secured other employment and worked at other places; that on May 27, 1927, he was laid off indefinitely, and between that time and June 6th, the date of the injury, claimant had gone to the factory to see about work and been informed there was none, and Monday, June 6th, about 6 p. m., he again called to see about work and went into the plant to call up by phone to inquire if any orders had come in and to get two brooms he had sold, and while going into the factory he slipped and fell and sustained the injury for which he seeks compensation in this proceeding. No one was in the factory at the time, and claimant gained entrance by use of a key which he had been permitted to carry since he was first employed in 1918. It is further admitted that claimant had been paid in full when he was laid off on May 27th, and had not earned or drawn any pay from that time up to the date of the injury, and drew no wages on that date. The record further clearly discloses that the factory had shut down and had not been in operation since May 27th, and the occasion for claimant being there after working hours on the evening of June 6th was to

use the telephone to call someone and make inquiry as to when he might go back to work, and also to get the two brooms he had sold.

The terms "employer," "employee," "hazardous employment," are clearly defined in the Compensation Act, section 7284, C. O. S. 1921, and the essential elements necessary to create the relation of employer and employee have heretofore been determined by this court; the most recent pronouncement being Hamilton v. Randall, 136 Okla. 170, 276 Pac. 705, wherein the court adopted the syllabus in Moore & Gleason v. Taylor, 97 Okla. 193, 223 Pac. 611, the second and third paragraphs of the syllabus being as follows:

"The relation of employer and employee is contractual. Like every other contractual relation, it is a product of the meeting of the minds of the contracting parties. To create the relation of employer and employee there must be an express contract or such acts as will show unequivocally that the parties recognize one another as master and servant.

"Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto, he should be held to strict proof that he is in a class embraced within the provisions of the law and nothing can be presumed or inferred in this respect."

This case followed the rule theretofore announced in Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 Pac. 116, wherein this court said:

"The words 'employee' and 'wages,' as used in these definitions, are correlative terms, and their definitions should be considered together in determining who are embraced in section 2 of the act. Thus considered, it is readily seen that compensation shall be payable for injuries sustained (sec. 2) by 'any person engaged in manual or mechanical work' (subd. 4, sec. 7284), 'under contract of hiring in force at the time of the accident' (subd. 8, sec. 7284). This is not militated against by the fact that 'wages' is also made the basis for computing compensation.

"* * * Workmen's Compensation Acts are remedial in character, and should receive a liberal construction in order to effectuate their purposes and objects, but they should not be amended by judicial construction upon an attenuated theory of inclusion. Persons entitled to the benefits of the act should be favored by a liberal interpretation of its provisions, but for this very reason they should be held to strict proof of their title as beneficiaries."

In the case of Hogan v. Industrial Commission, 86 Okla. 161, 207 Pac. 303, the sole question for determination was whether the relation of master and servant existed between claimant and respondent, and there as here the Commission concluded that such relation did exist and awarded compensation. Upon review by this court it was held that there was no evidence in the record upon which to base the conclusion that the relation of master and servant existed, and the award was vacated and the cause reversed and remanded to the Commission with directions to dismiss. Following Western Union Telegraph Co. v. Northcutt, 158 Ala. 539, 48 So. 553, 132 Am. St. Rep. 38: Parsons v. Trask, 7 Gray (Mass.) 473, 66 Am. Dec. 502, and Hillestead v. Industrial Insurance Commission, 80 Wash. 426, 141 Pac. 913. We quote from the case last above cited as follows:

"The law in its tenor and terms contemplates that the relation between employer and employee shall possess some element of certainty. It implies, if indeed it does not literally provide, that there shall be an actual contractual relation between the parties. That is, an agreement to labor for an agreed wage or compensation. The tax put upon an industry is determined by the pay roll."

In the case at bar, the record very clearly discloses, as shown by the testimony of plaintiff himself, that his relation as employee of respondent was terminated on May 27th, at which time he was, to use his own language, "laid off indefinitely." He was no longer on the pay roll, and there was no agreement to perform labor for an agreed wage or compensation, but he was free to seek other employment, and according to his testimony, he did so. Claimant's entire right to compensation herein is based on the contention that because of the fact that, even though laid off, he had been permitted to carry a key to the factory and was also permitted to sell and deliver brooms, that these facts considered in connection with his other employment with the broom factory, constituted, or rather continued, the relation of employer and employee during the periods that he was "laid off." In view of the provisions of the Workmen's Compensation Law and the authorities above cited, we are unable to agree with this contention. The Compensation Act, section 7283, defines "employment" and specifically excepts from its provisions employees employed exclusively as salesmen.

It is very vigorously contended by claimant that having been requested by his employer to take orders at such times as he could do so, same formed a part of his employment and that the more orders he

took the more brooms he would be able to manufacture,' and that he was therefore doing an act for the benefit of his employer. This, in our judgment, is wholly insufficient under all the facts as disclosed in this record to establish the relation of employer and employee within the meaning of the Compensation Act. His regular employment having been terminated some ten days previous, he was at most only a salesman. No agreement as to any compensation is shown, and it is not disclosed by the record as to whether he ever accounted for the two brooms he claims to have sold and had gone after at the time he was injured. Counsel for claimant cites and relies on Ford Motor Co. v. Industrial Commission (Utah) 231 Pac. 432, and quotes therefrom as follows:

"Where the master's business is being so directly facilitated by act of the servant in which he is engaged at the time of injury that such act can fairly be called business of master, he is liable under the Workmen's Compensation Act."

We are in accord with this rule, but, from the record before us, we are unable to say that the master's business was being so directly facilitated by the act of the claimant herein at the time of the injury that such act can fairly be called the act of the master, but are forced to the conclusion that the relation of employer and employee, within the meaning of the Compensation Act, did not exist between this claimant and the respondent at the time of the injury complained of. In view of our conclusion on this point it becomes unnecessary to consider the other questions raised and discussed in the briefs.

It follows that the award of the Industrial Commission must be vacated and this case remanded to the Commission, with directions to dismiss.

MASON, C. J., LESTER, V. C. J., and HEFNER, CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

RILEY, J., dissents.