## JOHNSON & KEMNITZ DRILLING CO. v. LAWSON et al.

No. 25897. March 5, 1935.

Paul Brown, for petitioner. .

Leo J. Williams and M. J. Parmenter, for respondents.

PHELPS, J. This is an original action to review the award of the Industrial Commission wherein the claimant was awarded compensation for personal injuries. The sole question presented is whether the respondent was in the employ of petitioner within the meaning and contemplation of the Workmen's Compensation Law. It appears from the evidence that the injured man had been employed by petitioner engaged in drilling an oil well, that he had been "laid off" for about a week with the promise of the driller who had charge of the operations that he would be re-employed; that on the day he was injured one of the members of the drilling crew became ill and the driller, who was the brother of the respondent, sent a message to respondent asking him to come to the place where the drilling was being done, and upon his arrival there put him to work in the place of the man who had become ill, and that while performing the labor assigned to him he received the injury complained of.

It is urged by counsel for petitioner that the respondent was not an employee of the petitioner at the time of the accident, claiming that the driller who had charge of the operations had no authority to employ him. There is evidence in the record to the effect that one of the members of the firm constituting the petitioner had ordered this workman to be discharged and directed that he be not re-employed for the reason that the workman was careless in his work and movements about the machinery. To rebut this, however, there is also evidence in the record that the driller in charge of the operations when this employee was discharged told the employee that it was necessary for him to discharge this employee in order to put a friend of his—the driller —on the job, and that the respondent would be re-employed within a short time. There is also evidence in the record that it had been arranged for the respondent to go back to work the day following his injury. There is also evidence in the record that the driller in charge of the operations had full authority to employ and discharge laborers when neither one of the members of the firm owning the rig was present, and that he had so exercised that authority. The petitioner has five or six drilling rigs, and it is reasonable to suppose that they could not personally superintend the operations of all of them, but would, naturally, have to depend to some extent at least upon their foreman to keep the jobs going. It also appears that the respondent received his daily wages for the day on which he was injured, and from all the evidence in the record we cannot escape the conclusion that at the time this respondent was injured he was an employee of the petitioner within the contemplation of the Workmen's Com pensation Laws. In presenting its argument that the respondent was not in the employ of the petitioner at the time he received the injuries complained of, counsel cites Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 P. 116. As we view it, this authority does not sustain this contention. In that case the respondent had never been in the employ of the petitioner, but was a mere spectator or bystander watching the operations, and one of the employees merely asked him to assist them for the moment in handling some machinery. He received the injury complained of, and this court held that the facts in that case failed to show the relation of master and servant. It also cites Hogan v. State Industrial Commission, 86 Okla. 161, 207 P. 303. Neither does this case support the contention here urged. In that case the injured man was a farmer who had hauled a load of cotton to the gin, and while waiting for others ahead of him to unload their cotton in order to make room for him to unload, the man in charge of the gin asked him, merely as a bystander, to assist him in handling a part of the ma-

chinery, and while doing so he was injured. And this court again held that the relation of master and servant did not exist; therefore, the injured man was not entitled to recover. It also cites El Reno Broom Co. v. Roberts, 138 Okla. 235, 281 P. 273. In that case the injured man was not in the employ of the petitioner, but for some purpose he carried a key to petitioner's broom factory and, after working hours, he went to the factory and finding no one there, unlocked the door and went into the building, and while in there fell and received the injuries complained of, and this court again held that, not being an employee of the petitioner, he was not entitled to compensation. It will thus be seen that this case is not authority for sustaining the contention here urged.

In the instant case the injured workman had theretofore been regularly employed and worked under the directions of the driller in charge. His salary was paid and his services dispensed with, with the promise that he would soon be re-employed. After about a week's absence, the driller in charge sent for him to come and take the place of an employee who had become ill. He was working under the direction of the driller at the work assigned to him. He was paid for this day's work, and it is our conclusion that the Industrial Commission properly awarded him compensation.

It is urged that the question of relationship of employer and employee within the Workmen's Compensation Act is a question of law for the court to decide. This is a correct statement of the law, that is, it is a question of law whether a particular state of facts constitutes the relation of master and servant, but where there are disputed questions of fact in evidence, such as whether the respondent gave his foreman authority to employ and discharge employees, the extent of the foreman's authority in the operations, etc., and the evidence therein is conflicting, this court will not weigh the evidence, that being the function of the Industrial Commission.

The award is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.