Lloyd E. **PARTEN**, Petitioner,

v.

The **STATE INDUSTRIAL COURT OF the
STATE OF OKLAHOMA** et al.,
Respondents.

No. 45149.

Supreme Court of Oklahoma.

April 11, 1972.

Paul Stumbaugh, Mangum, for petitioner.

Rinehart, Cooper & Stewart, Oklahoma City, for respondents, M. & P. International, Inc., Employers Mutual Casualty Co.

LAVENDER, Justice:

This is an original proceeding for review of an order of the State Industrial Court sitting en banc on an appeal from an order of one of its judges sitting as trial judge. The proceeding in that court involved the claim of the petitioner herein, Lloyd E. Parten, against M. & P. International, Inc., as employer (hereinafter referred to as the respondent), and Employers Mutual Casualty Company of Des Moines, as its insurance carrier.

The claim was based upon personal injuries allegedly sustained by the claimant on Sunday, September 13, 1970. In their answer, the respondent and insurance carrier specifically denied, among other things, that the claimant was an employee of the respondent at the time of the alleged injury, and that the claimant sustained an accidental personal injury arising out of and in the course of employment with the respondent, and that the claimant sustained any injury that would come within the purview of the workmen's compensation act.

The trial judge found, among other things, that the claimant sustained an accidental injury to his back arising out of and in the course of hazardous employment with the respondent, and entered an order awarding him compensation for disability based thereon.

The State Industrial Court, sitting en banc on appeal therefrom, vacated that order and denied the claim "by reason of the fact that Claimant did not sustain an accidental personal injury arising out of and in the course of his hazardous employment with the above named respondent." That is the order involved in this proceeding.

The claimant did sustain an accidental personal injury to his back, in the respondent's shop around noon on a Sunday while loading his tools and shop manuals into his pick-up truck, some 23 to 24 hours after he had received his last weekly paycheck and was told that his employment was terminated as of that time, at closing time for the week-end at noon on the preceding day. If, as pleaded by the respondent and its insurance carrier, the claimant was not an employee of the respondent at the time he sustained the injury, it (the injury) could not have been one arising out of and in the course of his employment with the respondent, and the Industrial Court, sitting en banc, was correct.

The first prerequisite to the jurisdiction and authority of the State Industrial Court to award compensation under the workmen's compensation law is a showing that the claimant was, at the time of his injury, an "employee" of the respondent, within the meaning of that term as used in that law—that is, that the relation of "employer" and "employee," within the meaning of those terms as used in that law, actually existed at the time of the injury. See: Reeves v. Muskogee Cotton Oil Company et al. (1940), 187 Okl. 539, 104 P.2d 443; El Reno Broom Company et al. v. Roberts et al. (1929), 138 Okl. 235, 281 P. 273.

When the relationship is denied in such a proceeding, a jurisdictional question is presented and this court on review will determine whether, as a matter of law, the facts are sufficient to establish the existence of such relation. See: Reeves v. Muskogee Cotton Oil Company et al., supra; Harrill v. State Industrial Commission et al. (1953), 208 Okl. 666, 258 P.2d 624.

The relationship is purely contractual. There must be an express con-

tract between the parties or such acts as will show unequivocally that the parties recognize each other as employer and employee. And, for the purposes of the workmen's compensation law, the contract must be to labor for agreed "wages," as that term is defined in that law. See: Hamilton et al. v. Randall (1928), 136 Okl. 170, 276 P. 705, 706; Hogan et al. v. State Industrial Commission et al. (1922), 86 Okl. 161, 207 P. 303, 305; El Reno Broom Company et al. v. Roberts et al., supra.

In the present case, the plaintiff had been employed by the respondent, as shop foreman, for a year and eight months at the time involved herein, under a written agreement which, incidentally, does not mention tools or shop manuals. His work week was Monday through noon on Saturday, and he received a pay-check for the week at closing time at noon each Saturday. He had, in the shop, his personally-owned complete set of tools and shop manuals for all tractors and combines. His full chest of tools was heavy enough to require two men to lift it into a pick-up truck.

According to the claimant's own testimony, he furnished his tools and shop manuals as a condition of his employment. On Saturday noon (the day before he was injured), when he was given his weekly pay-check, he was told by Mr. Pankhurst (the president of the respondent company) that his employment was terminated as of that time. He mentioned that he would need help in loading his tool chest and that the other employees had left the shop. Mr. Pankhurst said that he could not help him that day and "told me that he would meet me back at the shop the next morning after Sunday school, at eleven o'clock," to help him load his tools and things. They met at the shop about eleven o'clock the next morning for that purpose, and were loading his things into his pick-up truck, which had a steel bed. He got in the pick-up with an armload of his shop manuals, slipped on something, fell in the truck, and was injured. He went on home then, without finishing the loading, and went to a doctor that afternoon and to a hospital the following day. Several days after the accident, his brother-in-law and some neighbors went to the shop and got the rest of his things.

The claimant also testified, on cross-examination, that Mr. Pankhurst had been helping him "just as a friend" and "as a favor" to him; and that he had no agreement to be paid anything for removing his tools and shop manuals, and received nothing from the respondent after the pay-check he received at noon on the day before the accident.

The evidence does not show any express agreement concerning the removal of the claimant's tools and shop manuals at the termination of his employment. We cannot agree with the argument that, *if* the claimant were required, as a part of his contract of employment, to furnish his own tools and shop manuals, it would necessarily follow that he was required, as a part of the same contract, to remove them from the respondent's premises at the termination of his employment. We fail to see how the practical necessity for the claimant to remove them so that he could use them at some other place could, logically, be said to extend his contract of employment until they were removed. He was removing them for his own benefit and on his own time. He was no longer an "employee" of the respondent.

Order of the Industrial Court, sitting en banc, sustained.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, and McINERNEY, JJ., concur.

BARNES, J., dissents.