LEONHARDT ENTERPRISES and Home Insurance Company, Petitioners,

v.

Eugene Earl HOUSEMAN, Respondent.

No. 48774.

Supreme Court of Oklahoma.

March 22, 1977.

**516**

H. A. Bud Carter, Oklahoma City, for petitioners.

Bob Carpenter, Oklahoma City, for respondent.

HODGES, Chief Justice.

The sole issue for review involves the verity of a trial judge's determination that Eugene Houseman, respondent, (claimant), was not an independent contractor but an employee who sustained accidental personal injury during covered employment. This order was affirmed by State Industrial Court on en banc appeal.

Claimant sought compensation for permanent partial disability resulting from injury to low back and left hand, during course of employment with Leonhardt Enterprises, Inc., (Leonhardt), petitioner. The petitioner and its insurer, Home Insurance Company, denied occurrence of accidental injury and specifically alleged claimant was not an employee, but was in fact an independent contractor doing roofing work on Leonhardt's condominium project.

The evidence showed that claimant had been an independent roofing contractor in another state, but in October, 1974, was seeking another job after having completed some work for Mr. Leonhardt. Claimant sought out Leonhardt's superintendent, (Murray), who badly needed roofers on the project, and was employed to begin work on a designated building which had an uncompleted roof. A price of $4.50 per square of roofing applied was agreed upon, to be paid weekly. Claimant, together with his brother and another workman, had worked approximately two weeks prior to injury November 9, 1974. Other than these matters, all evidence concerning the transaction and legal relationship of the parties was severely conflicting.

Claimant testified he was looking for work and was hired by Leonhardt's superintendent under an oral agreement, with remuneration to be calculated on per square basis for work actually completed. Two other workmen were present at the time and accepted employment on the same basis, but not as claimant's employees. If employed as an independent contractor, claimant would have measured the roof, ordered necessary materials, and paid other workmen directly. Payment for the con-

tract would have been a lump sum when the job was completed, but claimant would not have contracted the job at the rate paid. Claimant was instructed to begin where other workmen had left unfinished roof. Claimant had hospitalization insurance, and denied there was discussion concerning need for certificate showing workmen's compensation coverage as a prerequisite for employment.

On the day he was injured claimant went onto the roof and applied some shingles. The weather was inclement so he quit work and went to the trailer-office for his check. Claimant was standing on a plank leading to the office talking with the superintendent. The record is not clear but apparently after having been told he could not be paid claimant quit. The plank moved causing claimant to fall backward injuring his back. When the superintendent inquired whether injured, claimant stated he was going to the doctor and left the premises. Treatment was administered for a back injury, and later for injury to claimant's right wrist. Leonhardt's superintendent issued a check for $121.00 payable to all three roofers, which payees cashed and divided proportionately for work which had been done. Claimant testified this check was returned and it was necessary to borrow money to cover the check. The superintendent testified the check had not cleared through the bank.

Leonhardt's superintendent testified roofers were badly needed and claimant desired work. The price per square was agreed upon with the understanding an insurance certificate would be procured and mailed to Leonhardt. The superintendent did the hiring and firing, and denied any conversation with other two workers concerning employment, or that any control or supervision was exercised. However, superintendent found fault with quality of work in one instance and had claimant correct the defect. Leonhardt had no employees but only engaged subcontractors, who were required to have certificates showing workmen's compensation coverage. Ordinarily Leonhardt had a written contract with subcontractors, but

had no written contract with claimant or the other roofers. Leonhardt did not inspect the work or exercise any control over the job, although if found unsatisfactory it would have to be redone before payment would be made. Part of the roofing had been done by another contractor, and it was intended claimant should complete the 53 squares remaining. After employment the superintendent kept insisting claimant furnish an insurance certificate. Upon learning claimant had sought to obtain hospitalization insurance, superintendent called the agent and explained workmen's compensation coverage was required. Claimant and his men quit because superintendent had no authority to pay them until they complied with request for insurance certificate. Their statement for work done was approved subject to providing necessary insurance. Although the statement was submitted in claimant's name difficulty over insurance and risk of lien filing caused Leonhardt to issue check payable to three workmen.

■ The State Industrial Court determined claimant was not an independent contractor but an employee of Leonhardt and awarded compensation. Review of this order involves a disputed issue as to existence of employer-employee relationship which presents a jurisdictional question. This Court is required to weigh evidence and undertake independent evaluation of both law and facts, in order to determine absence or existence of the relationship and make an independent adjudication. *Herron Lumber Co. v. Horn,* 446 P.2d 53 (Okl.1968); *C & H Transportation Co. v. McLaughlin,* 434 P.2d 229 (Okl.1967).

Petitioners recognize these principles, and premise their argument upon decision in *Page v. Hardy,* 334 P.2d 782 (Okl.1959). That case enumerates numerous elements to be considered in determining nature of the relationship. Measuring what petitioners categorize as "cogent portions of testimony" against enumerated elements, they insist the evidence clearly shows the questioned relationship was that of independent contractor, and requires vacation of the or-

der for lack of jurisdiction. Examination of matters enumerated in *Page*, supra, discloses an elaboration of six elements recited as controlling in *Getman-MacDonnell-Summers Drug Co. v. Acosta*, 162 Okl. 77, 19 P.2d 149 (1933). That decision recognized no one element, or combination of elements, could be considered decisive, and each case must be determined upon facts peculiar to the case.

This reasoning is applicable to this review. Claimant was a roofer by trade who worked for others in need of his services. Leonhardt hired claimant under oral contract to work on a particular building, using Leonhardt's materials and commencing at a designated place. Payment was to be on weekly basis calculated at a fixed rate only for work performed. Admittedly a degree of control was exercised. Nothing in the record indicates Leonhardt could not summarily terminate this arrangement with claimant without incurring liability.

In *C & H Transportation Co. v. McLaughlin*, supra, we defined "independent contractor," and recognized important elements to be considered in determining existence of the relationship. Particular emphasis was placed upon the right to terminate employment at any time, as strongly indicative the questioned relationship was not that of independent contractor.

The State Industrial Court is vested with authority to determine, from evidence presented, whether employer-employee relationship existed when accidental injury occurred. *Traders and General Ins. Co. v. Harris*, 398 P.2d 843 (Okl.1965). When the existence of this relationship is an issue before the State Industrial Court, this Court does not accept that tribunal's findings as conclusive, but reviews the record in order to make independent findings of fact and conclusions of law on this issue. *Mistletoe Express Co. v. Britt*, 405 P.2d 4 (Okl.1965), and cases cited. Review of the evidence and reasonable inference to be drawn therefrom disclosed competent evidence to sustain State Industrial Court determination of existence of the relation-

ship. *Apache Motor Co. v. Elliott*, 405 P.2d 705 (Okl.1965).

As a further contention it is argued, even if claimant is found to be an employee, compensation cannot be awarded because employment had been terminated prior to injury. Petitioners insist employer-employee is purely contractual, and must be for labor at an agreed wage. From this petitioners conclude the award must be vacated because the employer-employee relationship had been terminated and injury could not have arisen out of employment, citing *Parten v. State Industrial Court*, 496 P.2d 114 (Okl.1972).

Larson's "Workmen's Compensation Laws," p. 193, § 26 (1972) states:

Injuries incurred by an employee while leaving the premises, collecting pay, or getting his clothes or tools within a reasonable time after termination of the employment are within the course of employment, since they are normal incidents of the employment relation. Injuries before actual hiring are not compensable, but hiring is not deemed to depend on paper formalities such as signing the payroll and withholding slips."

The text points out compensation coverage does not terminate automatically and instantaneously when an employee quits or is fired. Rather, the employee generally is held to be within course of employment for a reasonable period while he finishes his affairs and leaves the premises. This reasonable period contemplates a sufficient interval within which to encompass incidents flowing directly from employment, even though taking effect after employment technically has ceased. Larson, ibid. § 26.10.

In 99 C.J.S. Workmen's Compensation § 63 (1958) the text states:

"When employee quits or is discharged, he must be given a reasonable time to leave the premises before the relation of master and servant is so completely severed as to make the compensation act inapplicable; and the relation is not terminated where a discharged employee remains on, or returns to, the premises to

receive his pay or to complete his work, but the relation does not obtain where a discharged employee returns for a purpose of personal convenience."

The decision in *Parten v. State Industrial Court, supra,* was based upon three early decisions. *Hogan v. State Industrial Court,* 86 Okl. 161, 207 P. 303 (1922); *Hamilton v. Randall,* 136 Okl. 170, 276 P. 705 (1928); *El Reno Broom Co. v. Roberts,* 138 Okl. 235, 281 P. 273 (1929).

In the *Hogan* case a farmer brought cotton to a gin and while waiting was injured after being asked to assist an employee. The *Randall* case concerned an injured man who sought employment when no work was available, returned later on voluntary mission and was injured while cranking his automobile. The *Roberts* case involved an intermittent employee who had been paid for work and laid off indefinitely—a week later he was injured while on company premises for his own purposes.

Each of these decisions rests upon premise there must be a contract of employment with an agreement for wages, and each decision properly found these elements lacking. Absence of a contractual relationship at time of the injury was accepted as the controlling consideration in the *Parten* case.

In *Parten* the contract of employment indisputably had terminated. Settled law affords a terminated employee a reasonable time within which to conclude his affairs and leave the employer's premises. Evidentiary circumstances precluded recognition of the mentioned rule. The tools unquestionably belonged to claimant. Whether furnished voluntarily or required as part of employment contract does not appear. Claimant knew in advance assistance would be required to effect removal of his belongings from the premises.

Whether assistance would be procured at that time, or removal deferred to a future, more convenient occasion was solely a matter of choice. The employer's presence at time of injury clearly was a friendly accommodation. His agreement to meet and assist claimant was no more effective to extend employment than appearance to unlock the business at an appointed time to afford claimant and a paid helper opportunity to load the tools would have been. Absent affirmative showing special circumstances prevented employee's concluding his affairs within a reasonable time, employment contract ended when the terminated employee left the employer's premises.

We are of the opinion the decision in *Parten, supra,* is distinguishable and not controlling in the present cause.

AWARD SUSTAINED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, BARNES and DOOLIN, JJ., concur.

SIMMS, J., concurs in result.

IRWIN and BERRY, JJ., dissent.