**C. Ray COLEMAN, Petitioner,**

**v.**

**J.C. PENNEY COMPANY, Liberty Mutual Insurance Company and Workers' Compensation Court, Respondents.**

**No. 77953.**

Supreme Court of Oklahoma.

March 16, 1993.

As Corrected March 23, 1993.

fair dealing in an at-will employment relationship unless such dismissal is violative of public policy).

---

1. 600 P.2d 334 (Okla.1979).

2. *Hoebel,* 600 P.2d at 336.

3. *See Burk v. K–Mart Corp.,* 770 P.2d 24 (Okla.1989) (no implied duty of good faith and

James M. Robertson, Tulsa, for petitioner.

Rhodes, Hieronymus, Jones, Tucker & Gable by Kevin D. Berry, Tulsa, for respondents.

HODGES, Chief Justice.

The only issue before this Court in this workers' compensation matter is whether the claimant was an employee of the respondent at the time of the accident. We find that the claimant was an independent contractor, and therefore the Workers' Compensation Court did not have jurisdiction over this matter.

There is little dispute of the facts. J.C. Penney Company (Penney), the respondent, had some electrical work that needed to be done. Mr. Dodson, the maintenance supervisor, could have done the work, but Penney wanted an outside licensed contractor. Dodson had known the claimant, C. Ray Coleman, for several years and contacted him to see if he wanted to do the work. At the time he was contacted, the claimant was working for ISI. The claimant continued to work for ISI until he went to work for Allen Electric. He worked for Penney at the end of the day after working at his full-time job.

The claimant and Mr. Dodson agreed that the claimant would be paid $23.00 an hour and that there would not be any taxes withheld but that the claimant would be responsible for remitting those taxes to the proper authority. The claimant did not fill out a tax-withholding form for Penney. In contrast, Allen Electric withheld taxes from the claimant's pay.

When claimant first started to work for Penney, Mr. Dodson showed him where the equipment was to be installed. Penney furnished the motion detectors and other equipment that it wanted installed. Penney furnished some of the tools, but the claimant furnished his own hand tools. Mr. Dodson *helped* the claimant two evenings but did not supervise him. Mr. Dodson did not tell the claimant how to do the wiring or instruct him on the details of the job. Soon after the claimant started the project, Mr. Dodson went on vacation. No other employee worked with the claimant.

The claimant did not work specified hours but worked when it was convenient for him. Sometimes he would work one evening a week, and sometimes he would work more. The claimant kept a time sheet. Then periodically, he would present an invoice to Penney for payment. The claimant's checks were made within the store as were other contractors' checks, while employees' check were made in the Pittsburg Accounting Center and mailed to the store once a week.

While working on the job at Penney, the claimant was electrocuted and knocked off the ladder on which he was standing. He was taken to the hospital. On the hospital

forms, the claimant stated that he was employed by Allen Electric.

The claimant filed a claim with the Workers' Compensation Court. The Workers' Compensation Court found that the claimant was not an employee of Penney and that it lacked jurisdiction to order compensation. A three-judge panel of that court agreed. The Court of Appeals reversed the three-judge panel, remanded the matter, and ordered that an award be entered. This Court granted certiorari.

▮▮▮▮ The Workers' Compensation Court had jurisdiction of the claim only if the claimant was an employee of the respondent, Penney. See Okla.Stat. tit. 85, § 11 (1991). In *Page v. Hardy*, 334 P.2d 782 (Okla.1959), this Court set out several factors to be considered when determining whether an employee/employer relationship exists. Those are:

(a) the nature of the contract between the parties, whether written or oral; (b) the degree of control which, by the agreement, the employer may exercise on the details of the work or the independence enjoyed by the contractor or agent; (c) whether or not the one employed is engaged in a distinct occupation or business and whether he carries on such occupation or business for others; (d) the kind of occupation with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (e) the skill required in the particular occupation; (f) whether the employer or the workman supplies the instrumentalities, tools and the place of work for the person doing the work; (g) the length of time for which the person is employed; (h) the method of payment, whether by the time or by the job; (i) whether or not the work is a part of the regular business of the employer; (j) whether or not the parties believe they are creating the relationship of master and servant; and (k) the right of either to terminate the relationship without liability.

*Id.* at 784–85.

No one factor is controlling, and the relationship must be based on the set of facts peculiar to the case. *Id.* at 784. Further,

whether an employee/employer relationship existed at the time of injury is jurisdictional requiring an independent review by this Court. *Brown v. Burkett*, 755 P.2d 650, 651 (Okla.1988); *Leonhardt Enterprises v. Houseman*, 562 P.2d 515, 518 (Okla.1977).

▮▮▮▮ Considering each of the factors on which evidence was presented leads to the conclusion that the claimant was not an employee of Penney but an independent contractor. No one associated with Penney exercised control over the details of the claimant's work. Mr. Dodson showed the claimant where the equipment was to be installed and he helped, not supervised, the claimant on two evenings. Otherwise, the claimant worked alone. The claimant had worked as an electrical contractor for others in the past. It was necessary that the claimant have an electrical license to perform the work, and skill as an electrician was required to do the work. The work was not part of Penney's regular business. Further, the claimant was to work until the equipment was installed and no longer.

The facts show that the parties did not believe that they were creating an employee/employer relationship. The claimant was paid through the local store rather than through the accounting center like the employees. The claimant billed Penney with an invoice. He did not file a tax-withholding form with Penney. There were no taxes withheld from his check. The claimant knew he was responsible for remitting those taxes. He did not list Penney as his employer on his hospital forms.

The claimant argues that the facts that Penney supplied the equipment and some of the tools, that the claimant was paid by the number of hours that he worked, and that Mr. Dodson showed him where to install the equipment prove that he was an employee. Even though the evidence shows these facts to be true, the other factors unequivocally show the claimant to be an independent contractor, not an employee.

The claimant argues that the Court of Appeals correctly analogized the present case to *Leonhardt Enterprises*, 562 P.2d at 515. In *Leonhardt Enterprises*, this

Court held the claimant to be an employee based on the facts that the employer admitted that it exercised some control over the claimant's work and that the employer could terminate the employee without incurring any liability. In contrast in the present case, Penney did not supervise the claimant's work, the claimant worked for Penney after he left his full-time job, and the claimant and Penney agreed that there would be no taxes withheld from the claimant's pay and that the claimant was responsible for remitting any taxes. There is no dispute that the claimant's work was not supervised. After comparing the factors in *Leonhardt Enterprises* with those in the present case, we do not find *Leonhardt Enterprises* controlling.

The Workers' Compensation Court correctly found that the jurisdictional prerequisite of an employee/employer relationship did not exist. Therefore, the Workers' Compensation Court's order is sustained. The Court of Appeals' opinion is vacated.

COURT OF APPEALS' OPINION VACATED; ORDER OF WORKERS' COMPENSATION COURT SUSTAINED.

All the Justices concur.