Jessie SIMMONS, Petitioner,

v.

CITY OF WARR ACRES, State Insurance Fund, and the Workers' Compensation Court, Respondents.

No. 84260.

Court of Appeals of Oklahoma, Division 3.

April 18, 1995.

William Shdeed, Oklahoma City, for petitioner.

Robert Highsaw and Lisa Blodgett, State Ins. Fund, Oklahoma City, for respondents.

## OPINION

ADAMS, Judge:

On the evening of July 8, 1993, approximately two months after his term as Mayor of the City of Warr Acres (City) had ended, Claimant Jessie Simmons was testifying at a hearing before City's Personnel Board about a grievance filed by an individual Simmons had demoted during his term as mayor. During that testimony, Simmons suffered a heart attack.

Simmons filed a workers' compensation claim. At a hearing on Simmons' request for total temporary disability benefits, the trial judge found that Simmons was not an employee of City at the time of his injury and denied the claim. Simmons filed an *en banc* appeal. The three judge panel affirmed, and Simmons filed this review proceeding.

In a workers' compensation case, the existence or non-existence of an employer-employee relationship presents a jurisdictional question requiring the reviewing court to undertake an independent evaluation of both the law and the facts. *Swafford v. Sherwin Williams,* 863 P.2d 1215 (Okla. 1993). Although the Workers' Compensation Act is to be liberally construed, a claimant is held to strict proof to show that he or she is in the class embraced by the Act. *Kelley v. Risenhoover,* 470 P.2d 334 (Okla.1970).

The employer-employee relationship is created by contract, either express or implied, or by unequivocal acts of the parties in recognition of the relationship. *Cherokee Lines, Inc. v. Bailey,* 859 P.2d 1106 (Okla. 1993). A contract for hire is an essential element of the employer-employee relationship and in the absence of such a contract, the Workers' Compensation Act is not applicable. *Beall v. Altus Public School District,* 632 P.2d 400 (Okla.1981).

Simmons presented no evidence that he had any contractual relationship with City to testify. Rather, Simmons testified that he believed he was duty-bound to testify in personnel actions because of the city charter. According to Simmons, he had been compensated for attorney conferences in another personnel matter. However, he did not receive any compensation for attorney conferences for the personnel grievance being heard at the time of his heart attack. Simmons stated he did not discuss receiving compensation for testifying and received no

per diem payment or mileage for testifying. Although the current mayor and a city attorney had asked Simmons to testify, he was subpoenaed to appear at the personnel board hearing.

Citing *Leonhardt Enterprises v. Houseman*, 562 P.2d 515 (Okla.1977), and *Solo Cup Company v. Pate*, 528 P.2d 300 (Okla.1974), Simmons argues he was an employee at the time he testified because his testimony was a continuation of his duties under the city charter and he was acting as an *ex officio* mayor. We disagree.

In *Leonhardt Enterprises,* the claimant, a roofer, announced he was quitting and moments later fell backwards off a plank on which he had been standing, injuring his back. Holding the claimant was entitled to coverage, the *Leonhardt Enterprises* Court noted that compensation coverage does not end "automatically or instantaneously when an employee quits or is fired" but continues for a "reasonable period while he finishes his affairs and leaves the premises." Further, that "reasonable period" contemplates "a sufficient interval within which to encompass incidents flowing directly from employment, even though taking effect after employment technically has ceased." *Leonhardt Enterprises,* 562 P.2d at 518.

The *Leonhardt Enterprises* Court distinguished *Parten v. State Industrial Court,* 496 P.2d 114 (Okla.1972), which held a worker on the employer's premises to recover his personal tools the day after he was fired was not entitled to benefits for injuries occurring at that time. The circumstances of this case more closely align with those in *Parten.*

Claimant's reliance on *Solo Cup Company v. Pate* is similarly misplaced. The employer required Ms. Pate to return to the plant two days after she quit work to turn in a company uniform and locker key before receiving her final paycheck. She was injured while performing that employer-mandated task. The Court concluded that, by requiring her to undertake the mission to return the property, the employer extended the employment contract. There is no indication in this record that City required Claimant to appear at the personnel grievance hearing as a condition of completing his employment obligations and receiving the compensation earned by him while employed.

Based on our independent review of the record, we conclude Claimant was not employed by City at the time of his injury. Accordingly, the order of the Workers' Compensation Court denying Claimant's request for benefits is sustained.

SUSTAINED.

GARRETT, C.J., and HUNTER, J., concur.