2000 OK CIV APP 57

**Richard A. BANKER, Petitioner,**

v.

**The OKLAHOMA ARMY NATIONAL GUARD and The Workers' Compensation Court, Respondents.**

**No. 93474.**

Court of Civil Appeals of Oklahoma. Division No. 1.

March 31, 2000.

Bob Burke, Oklahoma City, Oklahoma, For Petitioner,

Michael A. Mannes, Oklahoma City, Oklahoma, For Respondents.

## OPINION

CARL B. JONES, P.J.:

¶1 Petitioner, Richard A. Banker, brought this workers' compensation action after sustaining an injury to his left foot while attending military training with Respondent, Oklahoma Army National Guard (National Guard), at Fort Carson, Colorado. The order authorizing summer training camp was issued pursuant to 32 U.S.C. § 503. During summer training, Banker's pay and allowances were disbursed by the Defense Finance and Accounting Service of the United States of America. In accordance with federal military regulations, Banker received medical treatment and incapacitation pay from the federal government. Additionally, Banker was awarded a 10% disability and severance pay.

¶2 Banker initiated this action on December 5, 1997. This matter was originally brought against the Oklahoma Military Department. Banker amended his Form 3 to add the Oklahoma Army National Guard as his employer. Both the Oklahoma Military Department and the Oklahoma Army National Guard filed Motions to Dismiss for lack of jurisdiction. Banker failed to respond. This matter was heard on February 4, 1999. On August 3, 1999, the trial court issued its order finding: 1) the Oklahoma Military De-

partment was dismissed as an incorrect party; and, 2) Banker was not an employee at the time of his injury as he was not performing duties pursuant to 44 O.S.1991 § 72. Banker seeks review of this order.

¶ 3 Banker maintains he was injured while under State orders and is entitled to benefits under the Oklahoma Workers' Compensation Act. Whether an employee/employer relationship existed at the time of the injury is jurisdictional requiring an independent review by this Court. *Coleman v. J.C. Penney Co.*, 1993 OK 21, 848 P.2d 1158, 1160.

¶ 4 Relying on 85 O.S. Supp.1997 § 3, Banker asserts the military order sending him to summer training was a State order because the order contained the address of the Oklahoma Military Department, cited Oklahoma statutes which require employers to grant a leave of absence for such training, and was signed by an officer of the Oklahoma Army National Guard. The National Guard counters that the officer signing the order is a federally recognized officer who also happens to be Active Guard/Reserve. Additionally, Banker was being paid by the federal government and was not responding to a State order but to a federal order as the order stated that pursuant to 32 U.S.C. 503 Banker's unit would report to summer training camp.

¶ 5 Title 32 U.S.C. § 503 provides that the *President* may authorize the Secretary of the Army and the Secretary of the Air Force to provide participation of the National Guard independently or in conjunction with the Army and/or Air Force in exercises for instruction to prepare the National Guard for duty. The National Guard has a hybrid state-federal character depending upon what role the National Guard is playing when called to duty. *Costner v. Oklahoma Army National Guard*, 833 F.2d 905 (10th Cir.1987). Title 44 O.S.1991 § 72 defines what state duty is as it provides that the Governor is authorized and required to order the National Guard to state duty in case of war, invasion, insurrection, breach of peace, or imminent danger. On its face, the order was issued pursuant to a federal statute and did not contain any language sug-

gesting the Governor was calling the National Guard to state duty as defined in § 72. It is undisputed that Banker's salary, allowance and medical treatment were paid by the federal government. The place of the accident, Ft. Carson, Colorado, was under the exclusive control of the federal government. Under these facts, we find that Banker was not an employee under 85 O.S. Supp.1997 § 3 at the time of the accident. The Workers' Compensation Court's decision is sustained.

¶ 6 SUSTAINED.

GARRETT, J., and BUETTNER, J., concur.