Kenneth G. PAGE, Plaintiff in Error,

v.

Donald HARDY, Defendant in Error.

No. 37963.

Supreme Court of Oklahoma.

Nov. 25, 1958.

Rehearing Denied Jan. 27, 1959.

Jack B. Sellers, Drumright, for plaintiff in error.

Alfred B. Knight, Tulsa, for defendant in error.

CORN, Vice Chief Justice.

Kenneth G. Page was an employee of H. M. Lundquist and T. M. Anderson. On the day in question he was working for them on their producing oil and gas lease covering lands situated in Pawnee County, Oklahoma.

Donald Hardy, d/b/a Donald Hardy Welding Service at Cleveland, Oklahoma, carried on a general welding service, with his own tools and truck, doing the job at an

hourly rate of $5, at his place of business or on the premises of those requiring the work done.

The foreman for Lundquist and Anderson employed Hardy to do a welding job on a used separator located on the Pawnee County lease. He went to the premises with the tools and equipment and did the job. Approximately two days later the foreman advised him that the separator had some leaks and requested that he again come to the lease and repair them.

Hardy had completed the job of repairing the leaks and was rolling up his tools preparatory to loading them on his truck when Lundquist and Anderson drove up. After checking the separator they decided that the connections on the water syphon on the separator should be lowered and requested that Hardy perform the necessary welding required to meet the change in specifications.

Page was on the job doing whatever the foreman told him to do. He was directed to render any assistance which Hardy might require.

Proceeding on the new job Hardy cut the first pipe. Salt water drained from the tank. Page dug a ditch to contain such water.

While cutting a second pipe which was also required to meet the specifications, accumulated oil and gas therein ignited and a violent explosion resulted. Hardy suffered injuries. Although Page was some 20 or 30 feet away the explosion knocked him to the ground and caused him to suffer extensive injuries from which he was confined to the hospital and under doctors' care for some time.

Page brought this action against Hardy, taking the position that Hardy failed to exercise proper care in checking the pipes and tank for oil and/or gas before cutting the pipe with the torch; that the explosion resulted; that Hardy's negligence was the proximate cause of his injuries which were permanent and progressive. Hardy denied that he failed to use due care, alleged contributory negligence and that Page was a

co-employee and that Page's only remedy was against his employers, Lundquist and Anderson, under the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq.

In his reply Page denied that he was a co-employee of Hardy and alleged that Hardy was an independent contractor.

The trial resulted in a jury verdict in favor of the defendant. In due time, after motion for new trial was overruled, the appeal was perfected to this court.

Plaintiff takes the position that under the evidence the only conclusion that could be reached was that Hardy was an independent contractor and that the court erred in submitting the question to the jury.

We have without exception held that an independent contractor is one who engages to perform certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of the service, except as to the result or product of the work. In other words independent contractor denotes any person to whom the revising or repair of a chattel is entrusted in such a way as to give him charge and control of the details of doing the work. Keith v. Mid-Continent Petroleum Corp., Okl., 272 P.2d 371; Ellis & Lewis, Inc., v. Trimble, 177 Okl. 5, 57 P.2d 244; Taylor v. Langley, 188 Okl. 646, 112 P.2d 411. It is evident and we have so held that as a general rule the line of demarcation between an independent contractor and a servant is not clearly drawn, but the question of such relationship must be determined upon the facts peculiar to such case. The various elements to be considered are (a) the nature of the contract between the parties, whether written or oral; (b) the degree of control which, by the agreement, the employer may exercise on the details of the work or the independence enjoyed by the contractor or agent; (c) whether or not the one employed is engaged in a distinct occupation or business and whether he carries on such occupation or business for others; (d) the kind of occupation with reference to whether, in the locality, the work is usually

done under the direction of the employer or by a specialist without supervision; (e) the skill required in the particular occupation; (f) whether the employer or the workman supplies the instrumentalities, tools and the place of work for the person doing the work; (g) the length of time for which the person is employed; (h) the method of payment, whether by the time or by the job; (i) whether or not the work is a part of the regular business of the employer; (j) whether or not the parties believe they are creating the relationship of master and servant; and (k) the right of either to terminate the relationship without liability.

Testing the evidence in the light of the foregoing elements to be considered Hardy was orally employed to do a welding job on a separator located on the Lundquist-Anderson lease. He was given the specifications for the job and the result required, and the time and place to do such job. Hardy carried on his separate business doing welding jobs for anyone. Welding is the work of a specialist for which Hardy was trained. He furnished his own instrumentalities and tools, but did the work at the lease where the separator was located. He was hired to weld the separator and lower the connections for the water syphon thereon. He was paid at the rate of $5 per hour for time required to do the job. No deduction was made for withholding and social security. The separator was used in Lundquist and Anderson's Business. It had to be in repair to be used. Welding was not a part of their regular business. Hardy testified that he was told by the foreman the work to do and indicated that he was an employee. Neither Lundquist nor Anderson testified.

The parties sharply disagree as to the extent of control exercised by the foreman for Lundquist and Anderson over Hardy. The evidence is such that the minds of reasonable men may differ as to whether the relationship established was that of master and servant or contractee and independent contractor. The determination of the relationship between Lund-

quist and Anderson and Hardy was therefore for the jury under proper instructions by the court. Cook v. Knox, Okl., 273 P.2d 865; Keith v. Mid-Continent Petroleum Corp., supra.

The trial court submitted the determination of the relationship to the jury, and with regard thereto gave the following instructions:

"No. 7. In order to aid you in determining whether the defendant was or was not an independent contractor, I will outline to you some of the general principals of law on this subject to aid you in your determination of this fact question. You will consider these general rules, together with all of the facts and circumstances appearing in evidence in this case in arriving at an answer to this fact question."

"No. 8. You are instructed that an independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own method, and without being subject to the control of his employer except as to the result of the work.

"In considering the question as to whether the defendant in this case was an independent contractor or merely skilled employee using his own tools and equipment at the time of the accident, you should consider all of the evidence bearing upon his employment by the owners of the premises where the accident occurred. In determining whether in a given situation a person is an independent contractor or an employee, among the factors to be considered are whether the contractor is carrying on an independent business; whether the work is part of the employers general business; the nature and extent of the work; the skill required; the term and duration of the relationship; the right to assign the work to another; the power to terminate the relationship; the existence of a contract for the performance of a specified piece of work; the control and

supervision of the work; the control of the premises; the duty to supply the premises, tools, appliances, material and labor; and the mode, manner and terms of payment. Ordinarily no one feature of the relationship is determinate, and all are to be taken into consideration as to whether or not a person is an independent contractor. A contractee-independent contractor relationship pre-supposes a contract between the parties, and, in determining whether the relationship between the parties is that of master and servant or contractee and independent contractor, resort must be made in the first instance to the contract between the parties. If there is no express contract, the conduct of the parties and all of the surrounding circumstances may be looked to in determining the relationship of the parties. The mere fact that the employee is one who carries on a separate and independent employment does not necessarily make him an independent contractor and whether the employee is engaged in an independent business does not depend on whether he is serving one person or many persons.

"A significant factor in determining whether the master-servant or contractee-contractor relationship exists is the place where the work is done. The fact that the work is performed on the employers' premises is indicative of a master-servant relationship, whereas, if the work is performed on premises under the employee's control, it indicates a contractee-independent contractor relationship. The period of employment is a circumstance that may be considered in determining whether the employee is an independent contractor.

"A servant is one who works under his master's direction and control, whereas, an independent contractor is engaged to do certain work, but to exercise his own discretion as to the mode or manner of doing it. If the one hired to do the work is subject to the control of the employer as to the means, or as to the mode, manner and details of the performance of the work, he is an employee and not an independent contractor; but, if he is subject to the control or direction of the employer only as to the result to be obtained, and is free to follow his own judgment and discretion as to the mode, manner and details of the performance of the work, he is an independent contractor and not a servant. Nevertheless, the fact that a certain amount of freedom of action is inherent in the nature of the work does not necessarily mean that the person employed is an independent rather than an employee. Generally the right to control the mode of doing the work contracted is the principal consideration in determining whether one employed is an independent contractor or an employee."

Considering these instructions in the light of the various elements, hereinbefore detailed, to be considered in determining the relationship of the parties in such a case, although they contain such elements, the detail and restatement of, as well as the relative emphasis placed on certain ones, create an impression of false importance as to those particular elements. The resulting effect is to relegate those elements not so created to secondary importance.

A treatise from a text book was never intended for one not tutored in the law. Instructions must be couched in concise language understandable to all with the various elements to be considered handled in a co-equal emphasis. Instruction No. 8 does not meet this test. The special treatment of some of the elements to the exclusion of the others, would have the effect of advising the jury that such elements were to be given greater consideration than the others. The result—the misleading of the jury so that it may have reached a different result than it would have reached otherwise. See Reinhart & Donovan Co. v. Williamson, 191 Okl. 539, 131 P.2d 765; Rosier v. Metropolitan Life Ins. Co., 197

Okl. 35, 168 P.2d 302; Bacon v. Wass, 200 Okl. 581, 198 P.2d 423; St. Louis-San Francisco Ry. Co. v. Withers, Okl., 270 P.2d 341.

The question as to whether Hardy was an independent contractor being determinative factor, the plaintiff would be prejudiced by such incorrect instruction. Reinhart & Donovan Co. v. Williamson, supra.

Although it is impossible to ascertain the effect of such an instruction upon the jury, we are constrained to the view that under the record here it was highly prejudicial and constitutes reversible error.

Reversed and remanded for new trial.

HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., and DAVISON and JOHNSON, JJ., dissent.