**James C. McCOWAN, Petitioner,**

v.

**Herman Johnson FORD et al., Respondents.**

**No. 45002.**

Supreme Court of Oklahoma.

April 4, 1972.

Don L. Dees, Tulsa, for petitioner.

D. E. Sides, O'Toole, Lee & King, Oklahoma City, for respondents.

LAVENDER, Justice:

This is an original proceeding for review of orders of the State Industrial Court in a workmen's compensation proceeding. The petitioner herein, James McCowan, was the claimant and Herman Johnson Ford Company, of Sapulpa, Oklahoma (hereinafter referred to as the respondent), was the alleged employer. It is admitted that a policy of workmen's compensation insurance, issued by Hardware Mutual Casualty Company, covering the respondent's employees, was in force on the date of the alleged accident, February 6, 1970.

The answer of the respondent and insurance carrier specifically denied, among other things, that the claimant was employed by the respondent at the time and place of his alleged injuries, or that the alleged injuries were sustained by the claimant in the course and scope of employment with the respondent.

According to the testimony of the claimant, he had purchased from the respondent, on February 4, 1970, a tractor equipped with a loader on the front-end and a hydraulic dirt box, weighing about 500 pounds, on the back-end, to be delivered at his home in Bartlesville, Oklahoma. He needed the tractor—he had some jobs to do with it, "scraping, and hauling foundation dirt and stuff like that," and "cleanup" work. On the day in question, one man, named Allen (later identified as an employee of the respondent), brought the tractor to his home on a truck with a "low boy" trailer, unloaded it in the street and parked it in the street near the claimant's home. It turned out that the hydraulic dirt box on the back end of the tractor did not work, so Allen started to fix it and, in the course of doing so, asked the claimant to pry against the box with a four-by-four (furnished by claimant) while he knocked out a pin. Claimant was doing so, leaning against the timber with his shoulder and holding it with his arms, when the pin was knocked out and the box fell on him. Allen had not agreed to pay him anything for helping him.

The trial judge found and concluded "That claimant was not an employee of respondent on February 6, 1970, and that this court has not jurisdiction in this cause, and therefor said claim should be denied," and, based thereon, ordered that the claim was denied. On appeal therefrom, the State Industrial Court, sitting en banc, ordered

that that order of the trial judge be adopted, affirmed, and made the order of the court.

In Reeves v. Muskogee Cotton Oil Company et al. (1940), 187 Okl. 539, 104 P.2d 443 (cited by the claimant on the matter of implied contracts of employment), this court held in the first paragraph of its syllabus:

"The relation of master and servant or employer and employee within the meaning of the Workmen's Compensation Act must be shown to have been existent at the time of the injury before the State Industrial Commission is authorized to make an award of compensation for such injury."

 Insofar as the principles of law are concerned, we find no fault with the claimant's argument that, for the purposes of the workmen's compensation statutes, the requisite employer-employee relationship may exist under either an express or implied contract of employment [Reeves v. Muskogee Cotton Oil Company et al., supra], and that the protection of the workmen's compensation act extends to all workmen engaged in the described hazardous employments, however brief the employment, provided there is in fact an employment [Ice et al. v. Gardner (1938), 183 Okl. 496, 83 P.2d 378]. The problem is that either principle requires a contract of employment, express or implied, between the parties involved, or (according to the Reeves case) a showing of acts from which it can be said that the parties unequivocally recognized the existence of the employer-employee relationship. No such acts were shown in this case.

 The claimant's principal argument is to the effect that, even though, in the present case, there was no agreement for wages or salary or any exchange of material goods in connection with what the claimant was doing at the time in question, a benefit to be derived by one party is sufficient consideration for a contract, and, in this instance, the claimant needed the tractor immediately and, by helping the respondent's employee to repair the tractor, he would get the tractor into operation sooner than he would if it were taken back to Sapulpa for repairs and then returned to him. It is argued that, in that situation, the claimant was not merely a "requested volunteer" as this court, in Ice et al. v. Gardner, supra, referred to the status of the claimant (or plaintiff) in Hogan et al. v. State Industrial Commission et al. (1922), 86 Okl. 161, 207 P. 303, and Harris v. Oklahoma Natural Gas Company (1923), 91 Okl. 39, 216 P. 116.

The evidence in the present case does not indicate that Mr. Allen had promised or offered to do, or not to do, anything on condition that the claimant pry against the box with the timber, or had made any suggestion concerning taking the tractor back to Sapulpa for repairs. Even so, the only evidence on the question of Allen's agency was the testimony of the owner of the respondent company that he had never authorized Allen to employ any one to help him do anything.

Insofar as an employer-employee relationship is concerned, we find nothing to distinguish the pertinent factors in the present case from those involved in Hogan et al. v. State Industrial Commission et al., supra. In that case, the claimant had taken a load of his cotton to the respondent's gin. When he arrived there about ten o'clock a.m., there were a number of loads of cotton to be ginned ahead of his. About 1:30 p.m., while still waiting his turn, he was standing in the doorway of the gin room which contained four gin stands, when one of them became clogged. A man named Green, who was employed by the respondent as a ginner, went to the machine, raised the breast and asked the claimant to help him hold it. He was holding it up when the ginner left to unclog another gin stand. The increased weight forced the claimant's hand and arm into the saws, tearing them so badly that it was necessary to amputate the arm. Green had no authority from the respondent to employ additional help around the gin. The claimant did not understand that

**1286**

Green, or any one else, intended to pay him, and he did not expect pay, for rendering the assistance requested by Green.

The Industrial Commission found that the claimant was an employee of the respondent at the time of his injury, and awarded him compensation for his injuries. This court vacated the award and remanded the cause to the Commission with directions to dismiss the claim.

In the Hogan opinion, this court outlined the definitions of the terms "employer," "employee," and "wages," as set forth in the workmen's compensation act, and said:

> "It seems to us that it obviously follows from the above provisions of the Workmen's Compensation Law that compensation is payable only where the claimant is an employee *under the quoted provisions*, and that the Commission erred in concluding that the claimant was such employee."

In connection with its conclusion that no award could be made in the case because of the absence of evidence that the relation of employer and employee existed between the respondent and the claimant at the time of the injury, this court applied to our compensation law the following statement in Hillestad et ux. v. Industrial Insurance Commission of Washington (1914), 80 Wash. 426, 141 P. 913, 914, concerning the Washington compensation law:

> "The law in its tenor and terms contemplates that the relation between employer and employé shall possess some element of certainty. It implies, if indeed it does not literally provide, that there shall be an actual contractual relation between the parties. That is, an agreement to labor for an agreed wage or compensation. * * *."

And, in view of some of the authority quoted in that opinion, it appears that this court—although it made no express finding or holding thereon—did consider the matter of the implied authority of an employee to employ others in an actual emergency.

Under the evidence in this case, the claimant was not an "employee" of the respondent, as that term is used in the workmen's compensation law, at the time of the injury involved, and therefore, under the law, the State Industrial Court would be without jurisdiction or authority to award him any compensation for his injuries. That is what the trial judge found and concluded.

It follows that we cannot agree with the claimant's other contention that the cause must be remanded to the Industrial Court for findings of fact and conclusions of law which this court can review. In the second paragraph of the syllabus to Reeves v. Muskogee Cotton Oil Company et al., supra, this court held:

> "When the relation of employer and employee is denied in a proceeding to recover compensation under the Workmen's Compensation Act this court on review will as a matter of law determine the sufficiency of the facts to establish the existence or absence of such relation."

The orders involved herein are sustained.

All of the Justices concur.