Rick **SWAFFORD**, Petitioner,

v.

**SHERWIN WILLIAMS**, Own Risk, and The Workers' Compensation Court, Respondent.

No. 79,510.

Supreme Court of Oklahoma.

Nov. 2, 1993.

**1216**

Michael R. Green, Tulsa, for petitioner.

Thomas E. Steichen, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for respondent.

HARGRAVE, Justice.

Issue presented for review is whether Claimant, Rick Swafford, who generally was an independent contractor for Sherwin Williams, was working in the capacity of an employee within the contemplation of Title 85, Oklahoma Statutes, when he assisted Sherwin Williams' employees lift a heavy roll of linoleum and was injured.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

In 1978 the claimant, Rick Swafford, began installing carpet, vinyl and linoleum for the respondent, a Sherwin Williams store in Pryor, Oklahoma. The parties' working relationship began with an oral agreement to the effect that Swafford "would lay all of their [Sherwin Williams'] floor covering." In the beginning he was assisted only by his brother-in-law but later, as business picked up, he hired his brother. In 1990, Claimant began signing written agreements at the request of Respondent in which he acknowledged that the carpet laying work he did for Sherwin Williams was performed by him and his assistants as an independent contractor.

Swafford filed a Form 3 on September 19, 1991, alleging that on June 10, 1991, he injured his lower back while assisting store employees in lifting and placing a four-hundred pound roll of vinyl on a six-foot high rack. Sherwin Williams' answer challenged the jurisdiction of the Workers' Compensation Court on the ground that the claimant was working as an independent contractor and not as its employee within contemplation of the Workers' Compensation Act.

The matter came on for hearing on March 23, 1992. At the conclusion of all the evidence the trial court took the matter under advisement, On April 8, 1992, the court issued an order dismissing Swafford's claim based upon its finding that "the claimant was an independent contractor and not an employee of Sherwin Williams and therefore not covered by the Workers' Compensation Act."

On appeal to the Court of Appeals, the court held that this case deals with "a threshold challenge to the jurisdiction of the Workers' Compensation Court ..." and in being such, the court applied *de novo* review. The court then decided the case on the issue of, "[w]as the claimant, while helping Sherwin Williams' employees lift the heavy roll of linoleum, an employee of Sherwin Williams with the contemplation of Title 85." The Court of Appeals determined he was. The court reached this decision by determining Mr. Swafford was a solicited or requested temporary helper when he assisted in lifting the roll of linoleum.

The issue present in this appeal is whether Mr. Swafford, the claimant, was acting in the capacity of an independent contractor or as an employee at the time of his injury.

■ The Workers' Compensation Court had jurisdiction of the claim only if the claimant was an employee of the respondent, Sherwin Williams. See Okla.Stat. tit. 85, § 11 (1991). In *Page v. Hardy, 334 P.2d 782 (Okla.1959)*, this Court set out several factors to be considered when determining whether an employee/employer relationship exists. Those are:

(a) the nature of the contract between the parties, whether written or oral; (b) the degree of control which, by the agreement, the employer may exercise on the details of the work or the independence enjoyed by the contractor or agent; (c) whether or not the one employed is engaged in a distinct occupation or business for others; (d) the kind of occupation with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (e) the skill required in the particular occupation; (f) whether the employer or the workman supplies the instrumentalities, tools and the place of work for the person doing the work; (g) the length of time for which the person is employed; (h) the method of payment, whether by the time or by the job; (i) whether or not the work is a part of the regular business of the employer; (j) whether or not the parties believe they are creating the relationship of master and servant; and (k) the right of either to terminated the relationship without liability.

*Id. at 784–785. See, Coleman v. J.C. Penney Company, 848 P.2d 1158, 1160 (Okla. 1993).*

■ No one factor is controlling, and the relationship must be based on the set of facts peculiar to the case. *Page v. Hardy, at 784*. Also, whether an employee/employer relationship existed at the time of injury is jurisdictional requiring an independent review by this Court. *Coleman v. J.C. Penney, at 1160; Brown v. Burkett, 755 P.2d 650, 651 (Okla.1988); Leonhardt Enterprises v. Houseman, 562 P.2d 515, 518 (Okla.1977)*. Since this issue is a factual question determining jurisdiction we will review *de novo*. *Mahan v. NTC of America and Fireman's Fund Indemnity Co., 832 P.2d 805 (Okla.1992)*.

■ Considering each of the factors on which evidence was presented leads us to the conclusion that the claimant was not an employee of Sherwin Williams but an independent contractor. In the present case, Mr. Swafford signed a contract with Sherwin Williams six months prior to his injury that clearly stated he was an independent contractor. The Claimant also held himself out to be an independent contractor. He filed tax returns as an independent contractor, he carried commercial contractor's liability insurance. Mr. Swafford hired his own crew to install carpet, he drove his own truck, he owned his own tools. The supplies he needed to install floor coverings were either purchased by him or were provided by Sherwin Williams in exchange for setting up floor covering at the store. No other Sherwin Williams employees were paid in this fashion. He was paid by Sherwin Williams on a per yard basis for the carpet installed by his crew. The time it took to complete a job did not factor into the amount he was paid. The Claimant submitted invoices to the store manager and was given checks for the total and there was never any income tax or social security withheld. This differed from how other employees of Sherwin Williams were paid. All of the money collected for the installation of carpet was paid to Claimant. On the hospital forms, Claimant did not list Sherwin Williams as his employer.

Also, the Claimant's work was not under the direct supervision of Sherwin Williams. Claimant was not scheduled to work like the employees of Respondent. He dictated that he would not work on Wednesdays and Saturdays. When jobs were completed by Claimant and his crew they were not required to return to the store. Furthermore, the installers were responsible for measuring and cutting the floor coverings needed for a particular job. Assisting in setting up the floor coverings on racks at the store benefitted the Claimant and his crew because it was their responsibility to cut the floor coverings to meet each jobs' specifications.

Finally, the purchaser of floor coverings could designate the installer. The Claimant also on a few occasions installed floor coverings for competitors of Sherwin Williams. From these facts it is apparent that the act of setting up the floor coverings that resulted 'in the injury in the present case did not arise from a master/servant relationship. Rather, the benefit to Claimant in having the floor coverings on the racks facilitated his business.

Claimant contends that the Court of Appeals correctly analogized the present case to *McCowan v. Ford, 495 P.2d 1283 (Okla. 1972)*, in determining that Claimant was a solicited or requested temporary helper, and thus covered by the Workers' Compensation Act. The criteria set for in *McCowan* are: (1) Whether the employer has a right to control; (2) whether a requesting agent had authority, express or implied to employ additional help, (3) whether there was an agreement for wages or salary or any exchange of material goods in connection with what the claimant was doing at the time in question; (4) whether the employee expected to be compensated for his work; and (5) whether the employee had experience doing the kind of work involved. *Id. at 1285.*

The Court of Appeals following the rationale in *McCowan* concluded that Claimant was solicited by the manager to set up the floor covering on the rack, that this set up was under the direct supervision of the manager, that claimant was compensated for the job and finally that this act was distinct and unrelated to his usual occupation of installing floor coverings. We hold that *McCowan* is not controlling under the facts of the present case.

The Workers' Compensation Court correctly found that the jurisdictional prerequisite of an employee/employer relationship did not exist. Therefore, the Workers' Compensation Court's order is sustained. The Court of Appeals' opinion is vacated.

COURT OF APPEALS' OPINION VACATED; ORDER OF THE WORKERS' COMPENSATION COURT SUSTAINED.

HODGES, C.J., LAVENDER, V.C.J., SIMMS, and OPALA, KAUGER, SUMMERS and WATT, JJ., concur.

ALMA WILSON, J., dissents.