1998  OK CIV APP 72

**CLAYCO CONSTRUCTION and State Insurance Fund, Petitioners,**

v.

**Coronado S. BESERRA and The Workers' Compensation Court, Respondents.**

**No. 89932.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 27, 1998.

Certiorari Denied May 27, 1998.

Kevin D. Berry, Tulsa, for Petitioner,

C.W. Hack, Tulsa, for Respondents.

## MEMORANDUM OPINION

CARL B. JONES, Vice Chief Judge:

¶ 1  Claimant, Beserra, was injured in an automobile accident on the way to his job roofing houses.  The trial court found him to be an employee of Clayco Construction (Employer) and that the injuries arose out of and in the course of his employment.  Claimant was awarded temporary total disability.  The three-judge panel affirmed.  In this review proceeding, Employer contends the lower courts erred in finding Claimant to be his employee and in finding that the injuries arose out of and in the course of any such employment.

¶ 2  Employee status is a jurisdictional necessity for coverage under the Workers' Compensation Act.  Whether an employee/employer relationship existed at the time of Claimant's injury requires an independent *de novo* review on appeal.  *Duncan v. Powers Imports*, 1994 OK 126, 884 P.2d 854, 855; *Swafford v. Sherwin Williams*, 1993 OK 141, 863 P.2d 1215, 1217; *Coleman v. J.C. Penny*, 1993 OK 21, 848 P.2d 1158, 1160.

¶ 3  Employer, Clayton Douglas, testified that his corporation, Clayco Construction, is a broker of roofing and concrete jobs.  He finds the jobs, usually on new houses, then finds a subcontractor to do the actual work.  Mr. Douglas is not a roofer and denies being knowledgeable about roofing.  He pays his subcontractors by the number of "squares" of shingles used.  The subcontractors then pay their own employees.  He denied having any employees.  When he hires a subcontrac-

tor he requires him to have workers' compensation insurance or a "certificate of non-coverage".

¶ 4 Employer testified that he had never met, much less hired, the Claimant. Claimant, he said, was working for Alejandro Torres, a subcontractor employer had hired for a roofing job. Alejandro Torres also had a certificate of non-coverage. Employer further explained that his subcontractors and their employees provide their own transportation to the job sites and he did not pay mileage or otherwise provide transportation. They had been working at a particular location for three weeks when the accident happened which injured Claimant.

¶ 5 On the day of the accident, Claimant, Torres and two other men were riding to the job site with Alex McLean in McLean's truck. Employer explained that McLean was another subcontractor, but was not working for employer at that time. Torres vehicle had broken down and Torres had apparently gotten McLean to give them rides.

¶ 6 Torres testified that he and Claimant were employees of Clayco (Employer) and that he (Torres) had no employees. He admitted that McLean was giving them a ride because his vehicle had broken down, but said that Employer had told McLean to take them to work. Alex McLean did not testify. Torres admitted that Employer paid him and then he (Torres) would pay the other members of the roofing crew.

¶ 7 There was also conflicting testimony about the equipment in the back of McLean's truck including ladders, nail guns and an air compressor. Employer said that with the exception of one ladder, the equipment belonged to Torres. Torres said the equipment belonged to Employer. They all agree that Employer would deliver the shingles and other materials to the job site.

¶ 8 Claimant testified that he did not work for Torres, but that he worked for Employer. He also believed McLean worked for Employer and that Employer was providing the ride to work. Claimant had no tools of his own.

### CLAIMANT'S EMPLOYMENT STATUS

■ ¶ 9 In determining whether Claimant was an employee for workers' compensation purposes, the analysis used by our Supreme Court in its most recent opinions is based on the factors identified in *Page v. Hardy*, 1958 OK 283, 334 P.2d 782.[1] *Duncan v. Powers Imports*, supra, at 856; *Swafford v. Sherwin Williams*, supra, at 1217; *Coleman v. J.C. Penney*, supra, at 1160. These cases each point out that no one factor is controlling and that the relationship must be based on the set of facts peculiar to the case.

¶ 10 Using the *Page* factors, the evidence weighs in favor of a finding that Claimant was not an employee of Employer. It appears much more likely that Claimant was an employee of Torres who was a subcontractor to Employer. Although evidence was in dispute, of particular importance are the facts that there was no written or verbal employment agreement; Employer did not in any way supervise or control the details of the work; Torres worked by the job and when a roofing job was completed he was free to provide his services to others; and, Employer did not pay Claimant, he paid Torres who paid other crew members and the payment was by the job rather than hourly, weekly or

---

1. The eleven factors to be considered are: (a) the nature of the contract between the parties, whether written or oral; (b) the degree of control which, by the agreement, the employer may exercise on the details of the work or the independence enjoyed by the contractor or agent; (c) whether or not the one employed is engaged in a distinct occupation or business and whether he carries on such occupation or business for others; (d) the kind of occupation with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (e) the skill required in the particular occupation; (f) whether the employer or the workman supplies the instrumentalities, tools and the place of work for the person doing the work; (g) the length of time for which the person is employed; (h) the method of payment, whether by the time or by the job; (i) whether or not the work is a part of the regular business of the employer; (j) whether or not the parties believe they are creating the relationship of master and servant; and, (k) the right of either to terminate the relationship without liability. *Page v. Hardy*, 334 P.2d at 784–85.

yearly. The finding below that Claimant was an employee of Clayco is reversed.

■ ¶ 11 With that resolved, Employer is still not off the hook. As an independent contractor to the builder, he would still be secondarily liable for compensable injuries to an employee of his subcontractor where that employee's work was "necessary and integral" to the work of Employer. 85 O.S.Supp. 1993 § 11(B); *W.P. Atkinson Enterprises, Inc. v. District Court of Oklahoma County*, 1973 OK 97, 516 P.2d 541; *Murphy v. Chickasha Mobile Homes, Inc.*, 1980 OK 75, 611 P.2d 243; *Bradley v. Clark*, 1990 OK 73, 804 P.2d 425. The roofing work of employee was not specialized, *vis-a-vis* the Employer's business. That work can well be considered part of Employer's business which Employer was actively engaged in at the time of the accident/injury. This *de novo* review finds the "necessary and integral" test was satisfied for purposes of establishing Employer's secondary liability.

■ ¶ 12 Next, Employer contends that under 85 O.S. § 11(B), if he has relied in good faith on proof of Certification of Non–Coverage from his subcontractor, then he has no liability for the injuries of the subcontractor's employee.[2] The Oklahoma Court of Civil Appeals, Division 4 has ruled that the "Certificate of Non–Coverage Exception" to the secondary liability of the principal employer or independent contractor is unconstitutional. *Sloan v. Ringwald*, 1996 OK CIV APP 162, 940 P.2d 234.

¶ 13 Specifically, it was determined that this exception was an unconstitutional delegation to the immediate employer of the legislature's police power to determine an inclusion or exclusion of coverage. The Certificate of Non–Coverage statutory scheme allows an employer to deprive his employee of a right to seek compensation from an intermediate or principal employer. *Sloan* instructs that the legislature may, by the exercise of its police power, provide for the secondary liability of intermediate and principal employers, but it may not delegate to an employer the right to determine whether his own employees may avail themselves of that right. *Sloan*, at 236.

¶ 14 We hold that the Certification of Non–Coverage is no bar to Claimant's right to seek compensation against Employer, Clayco. While recognizing *Sloan*, supra, this Court notes, and for the purposes of deciding this cause, holds as follows: inasmuch as the accident occurred on July 12, 1996, the applicable statute is 85 O.S.1995 § 11(B). That statute, as well as the prior and later amendments to it, does *not* make the Certificate of Non–Coverage an absolute defense to liability for compensation payments. The relevant portion of that statute states:

> 1. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, **and the principal employer shall also be liable** in the manner hereinafter specified for compensation due all direct employees, employees of the independent contractors, subcontractors, or other employees engaged in the general employer's business; provided however, **if an independent contractor relies in good faith** on proof of a valid workers' compensation insurance policy issued to a subcontractor of the independent contractor or on proof of a Certification of Non–Coverage Under the Workers' Compensation Act filed by the subcontractor with the Commissioner of Labor under Section 415.1 of Title 40 of the Oklahoma Statutes, then the independent contractor shall not be

---

**2.** 85 O.S.Supp.1993 § 11(B)(1) provides:

"The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all direct employees, employees of the independent contractors, subcontractors, or other employees engaged in the general employer's business; provided however, if an independent contractor relies in good faith on proof of a valid workers' compensation insurance policy issued to a subcontractor of the independent contractor or on proof of a Certification of Non–Coverage Under the Workers' Compensation Act filed by the subcontractor with the Commissioner of Labor under Section 20 of this act, then the independent contractor shall not be liable for injuries of any employees of the subcontractor. * * * *"

liable for injuries of any employees of the subcontractor. Provided further, such independent contractor shall not be liable for injuries of any subcontractor of the independent contractor **unless an employer-employee relationship is found to exist by the Workers' Compensation Court despite the filing of a Certification of Non–Coverage** Under the Workers' Compensation Act. (all emphasis added)

¶ 15    From this language it is abundantly clear that the statute intends that the Workers' Compensation Court not to be bound by the Certificate of Non–Coverage, and may at any time determine the injured party to be an employee, irrespective of a certification of non-coverage. The statute also provides that the employer *must* rely on the certificate in *good faith*, and further provides that the Workers' Compensation Court may find an employer-employee relationship despite the certification of non-coverage. The statute explicitly provides that the court may find that an employee-employer relationship exists in the face of the existence of the certificate. Petitioner's contention that Clayco cannot be liable for injuries of a subcontractor if the subcontractor has a certificate of non-coverage is not in accord with the provisions of the statute quoted above. Petitioner makes much of the fact that the lower court failed to recognize that Claimant was an employee of Torres, an independent contractor, and thus that is the sole place where liability for compensation properly rests. Title 85 O.S. § 11(B)2 states in part:

> "If it appears in such proceeding that the principal employer has failed to require compliance with the Workers' Compensation Act of this state, by the independent contractor, then such employee may proceed against such principal employer without regard to liability of any independent, intermediate, or other contractor."

¶ 16    Thus it is apparent, as a matter of law, that even if the role Torres played in the employment of Claimant was as his employer and an independent contractor of Clayco,

liability under the statute can still be placed on the principal contractor, Clayco, if it appears that the principal employer failed to require a compliance with the Workers' Compensation laws of this state, which Clayco did not do.

### ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT

¶ 17    The final issue for consideration is whether the finding that the injury arose out of and in the course of Claimant's employment was supported by competent evidence.[3]   Ordinarily, injuries incurred while going to or from work do not arise out of and in the course of employment. *Stroud Municipal Hospital v. Mooney*, 1996 OK 127, 933 P.2d 872, 874; *Harris v. LaQuinta*, 1997 OK 50, 937 P.2d 89, 90; *Fluor Engineers & Contractors, Inc. v. Kessler*, 1977 OK 37, 561 P.2d 72, 74. There are exceptions to this rule however. Exceptions include: where the employee on his way to or from work is charged with a work-related special duty or task; where the employee was engaged in a dual purpose trip; where the employer furnishes transportation or expenses; where the injury occurs on premises owned or controlled by employer; where the employee is transporting supplies owned by the employer and needed for the job; and where the employment requires the employee to be traveling on the highways in the performance of his work. *Stroud Municipal Hospital v. Mooney*, supra; *City of Edmond v. Monday*, 1995 OK 132, 910 P.2d 980; *Harris v. LaQuinta*, supra; *Fluor Engineers & Contractors, Inc. v. Kessler*, supra; *Max E. Landry, Inc. v. Treadway*, 1966 OK 259, 421 P.2d 829.

¶ 18    A review of the record reveals evidence supporting only one of these exceptions. Both Claimant and Torres testified that Employer was providing them with a ride to and from work. Claimant also testified that Alex McLean, who was driving them, was working for Employer. This evidence, of course, was strongly disputed by

---

3.  Whether an injury arises out of and in the course of employment is a question of fact. *Thomas v. Keith Hensel Optical Labs*, 1982 OK 120, 653 P.2d 201, 203. In reviewing such factual issues, this Court's review is limited to determining whether the panel-approved decision is supported by any competent evidence. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548; *Owings v. Pool Well Service*, 1992 OK 159, 843 P.2d 380.

Employer. There was obviously ample evidence which would have supported the opposite finding, that Claimant's injury did not arise out of and in the course of his employment. The evidence of such non-jurisdictional facts will not, however, be reweighed on appeal. As stated above, our search is only for any competent evidence supporting this finding. Such evidence exists and the finding that the injury arose out of and in the course of Claimant's employment will not be disturbed.

¶ 19 The order of the trial court is vacated and modified, consistent with this opinion. There being no reversible error found, the order of the three-judge review panel is sustained.

¶ 20 SUSTAINED.

JOPLIN, P.J., concurs.

GARRETT, Judge, dissents:

This cannot fall within the exception to the "to and from work" rule, because the injured party was not Clayco's employee. I find the holdings in this opinion to be entirely inconsistent.