1999 OK CIV APP 97

**Mikel KROTH, Petitioner,**

v.

**CITY OF OKLAHOMA CITY, and The Workers' Compensation Court, Respondents.**

**No. 92,332.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 29, 1999.

Certiorari Denied Sept. 30, 1999.

Rex D. Brooks, Oklahoma City, Oklahoma, For Petitioner.

John S. Oldfield, Jr., K. Wayne Lee, Oklahoma City, Oklahoma, For Respondents.

## OPINION

GOODMAN, P.J.

¶ 1 This is a review of an order of a Workers' Compensation Court three-judge panel affirming the trial court's order denying benefits based upon a finding that the claimant was not engaged in any employment-related activity at the time of his alleged injury. Based upon our review of the record and applicable law, we vacate the order and remand the matter for further proceedings.

I

¶ 2 Claimant Mikel David Kroth filed his Form 3 June 24, 1998, alleging he injured his right knee May 21, 1998, after an "OKC police officer enlisted Claimant's help to apprehend suspicious trespasser at apt. complex.... The claimant testified that he is CLEET-certified and is licensed to be an unarmed security guard. He said he was walking his dog around his apartment complex at approximately 2:30 a.m. when he saw a female Oklahoma City police officer approach a man between two buildings and handcuff him. At that point, the claimant testified the officer and the suspect were between 60 and 70 feet from the officer's squad car, and "then she started taking him toward the squad car, and that's when I asked—I mean, that's when she asked me, she said, 'Sir, I need your help.' " The suspect was unsteady, and while the claimant was assisting the officer in taking the suspect to the squad car, the claimant said the suspect "kind of moved my way a little bit and, when he did, that's when I felt a pain in my leg .... [i]t seemed like he might have relaxed or something like that and kind of leaned towards me." The claimant, who has a history of right knee problems, did not report the injury, and did not seek medical attention until June 12, 1998, at a hospital emergency room. Thereafter, the claimant notified the police department of his alleged injury, and was provided information on filing a claim.

¶ 3 On cross-examination, the claimant testified that he had previously injured his right knee four times, and had filed three workers'

compensation claims as a result. In the fall of 1997, he had moved to reopen a previous claim based on a change of condition for the worse. At the February 1998 hearing on the motion to reopen, the claimant testified his condition had worsened to the point he had informed his employer he could no longer perform his security guard duties, and needed a desk job, which the employer did not offer. He was awarded benefits as a result of his worsened condition and inability to work. He admitted his physical complaints relating to his alleged latest injury were very similar to his earlier complaints, but had "worsened."

¶ 4 The police officer involved in the incident testified she did not need or receive assistance handcuffing the suspect, or escorting him across the parking lot to the squad car. Instead, after the officer and the handcuffed suspect arrived at the squad car, the officer testified the suspect "was off balance and he was incoherent and didn't know what I wanted, and, yes, he would not go in the car." She said she "was having trouble keeping my balance because he was much larger than myself." As she and the suspect were standing next to the open rear door of the squad car, the officer said the claimant came up behind her and asked, "Do you want some help?" or "Do you want me to help you put him in the car?" The officer replied, "Yes, please." The claimant then "came over to me and helped push the man into the car.... Because the [suspect] was off balance, [the claimant] helped me keep the [suspect] from falling backwards and directed him into the car." She denied that she had solicited the claimant's assistance.

¶ 5 In an order filed September 15, 1998, the trial court denied the claim, finding that the "claimant was not engaged in the performance of work for any employer at the time of this incident," and that "the claimant *voluntarily offered and provided citizen assistance* to a police officer." (Emphasis added.) A three-judge panel affirmed the order. The claimant seeks our review.

## II

¶ 6 The claimant argues the trial court erred as a matter of law in finding he was not an employee as defined by the Workers' Compensation Act at the time he allegedly sustained an injury while assisting a police officer. We agree.

¶ 7 Contrary to the City's contention, the issue in this review is not whether the trial court's findings of fact are supported by competent evidence. It is fundamental that the existence of an employer-employee relationship presents a threshold jurisdictional question requiring the reviewing court to undertake an independent evaluation of both the law and the facts. *Swafford v. Sherwin Williams*, 1993 OK 141, 863 P.2d 1215. Therefore, because the decision involves a purely legal determination, the appellate standard of review is de novo. *First American Bank and Trust Co. v. Oklahoma Indust. Finance Auth.*, 1997 OK 155, 951 P.2d 625. In a de novo review, this court exercises its plenary, independent, and non-deferential authority to re-examine a trial court's legal rulings. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, 859 P.2d 1081.

¶ 8 The trial court found the claimant "voluntarily offered and provided citizen assistance to a police officer [but] was not engaged in the performance of work for any employer at the time of this incident." Title 85 O.S. Supp.1998, § 3(6), states: " 'Employee' shall also include ... any *authorized voluntary* or uncompensated worker, rendering services as a fire fighter, peace officer or civil defense worker." (Emphasis added.) For purposes of this review, we will accept as true the police officer's testimony that the claimant volunteered his services. Clearly, the statute contemplates that the services rendered may be voluntary, and thus the fact that the services rendered assisting a peace officer were voluntary is not determinative of whether those services constitute "employment" under § 3(6).

¶ 9 The issue, then, is whether the claimant's admittedly "voluntary" services were "authorized." The term " 'authorized' ... does not mean 'mandatorily directed'[;] [i]t is synonymous with the word empowered...." *Morgan v. Wilson*, 1969 OK 31, ¶ 6, 450 P.2d 902, 903–4. In our opinion,

when the police officer accepted the claimant's offer of assistance, the claimant became "authorized" to render his voluntary services. We therefore find that the trial court erred as a matter of law. We hold that at the time the claimant was allegedly injured, he was an employee within the contemplation of the Workers' Compensation Act. The order under review is vacated, and the matter is remanded to the trial court for further proceedings.

¶ 10 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

¶ 11 RAPP, J., and REIF, J. (sitting by designation), concur.