Dear Representative Jett,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Title 25, Section 307(B)(1) of the Oklahoma Open Meeting Act provides that public bodies may hold executive sessions to discuss certain subjects involving an" individual salaried public officer or employee." May a public body convene in executive session under Section 307(B)(1) to discuss contracting for the services of a professional, such as an attorney, if that individual will not be on the city's regular payroll and will not receive the same benefits as other employees, but will by contract receive a monthly retainer plus hourly rate?
 2. Title 25, Section 307(B)(4) of the Oklahoma Open Meeting Act provides that public bodies may hold executive sessions under certain circumstances to have "[c]onfidential communications" with their attorneys "concerning a pending investigation, claim, or action." May a public body convene in executive session under Section 307(B)(4) only if a specific claim or legal action has been officially filed, or is the mere threat or possibility of a claim or legal action sufficient to enter into a closed session?
¶ 1 Your questions involve the Open Meeting Act ("OMA"), 25O.S. 2001 Supp. 2004, §§ 301-314.[1] You ask specifically about the ability of public bodies to convene in executive session, i.e., without the presence of the public. Grounds for executive sessions are expressly enumerated in Section 307 of the OMA.
 I. While A Public Body May Hold An Executive Session To Discuss Hiring "An Individual Salaried Public Officer Or Employee," It Cannot Do So If It Is Merely Awarding A Contract To An Independent Contractor.
¶ 2 You first ask whether a public body may convene in executive session under 25 O.S. Supp. 2004, § 307[25-307](B)(1) of the OMA to discuss contracting for the services of a professional, such as an attorney, if that individual will not be on the city's regular payroll and will not receive the same benefits as other employees, but will be contracted on a monthly retainer plus hourly rate. Section 307(B)(1) states as follows:
 B. Executive sessions of public bodies will be permitted only for the purpose of:
 1. Discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee[.]
Id. (emphasis added).
¶ 3 The answer to your first question depends on whether the person to be hired will be a "salaried public officer or employee." Id. The OMA does not define "public officer" or "employee." We may look to other statutes, however, which have defined these terms. 25 O.S. 2001, § 2[25-2] ("Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears."). While these terms are defined in more than one statutory provision (see, e.g., 74 O.S. Supp. 2004, § 840-1.3[74-840-1.3](2)), one definition applies more directly than the others to your situation.
¶ 4 Your letter indicates that the public body in question is a city council, which is a political subdivision of the State.See, e.g., Okla. Const. art. X, § 26(a); 51 O.S. Supp. 2004, §152[51-152](8)(a); 75 O.S. 2001, § 250.3[75-250.3](13). The Political Subdivisions Ethics Act applies to cities and other political subdivisions and defines "[p]ublic employee" as "any person who is employed by and receives compensation from any governmental entity, but shall not mean independent contractors or public officials[.]" 51 O.S. 2001, § 304[51-304](24) (emphasis added). The same act defines "[p]ublic official" as "an elected or appointed official in the executive or legislative branch of a political subdivision of the state[.]" Id. § 304(25).
¶ 5 It appears that the person you refer to in your first question will be neither appointed nor elected, and therefore will not be a public officer or official. Essentially, therefore, the answer to your question turns on whether the position in question is for an employee, rather than an independent contractor, of the public body. As the definition of "public employee" in 51 O.S. 2001, § 304[51-304](24) recognizes, the two are not the same.
¶ 6 The Oklahoma Supreme Court has held "without exception" that "an independent contractor is one who engages to perform certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of the service, except as to the result or product of the work." Page v. Hardy,334 P.2d 782, 784 (Okla. 1958). Because the line between being an independent contractor or an employee is not always clear, the court listed ten factors to use in determining the issue as follows:
 (a) the nature of the contract between the parties, whether written or oral; (b) the degree of control which, by the agreement, the employer may exercise on the details of the work or the independence enjoyed by the contractor or agent; (c) whether or not the one employed is engaged in a distinct occupation or business and whether he carries on such occupation or business for others; (d) the kind of occupation with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (e) the skill required in the particular occupation; (f) whether the employer or the workman supplies the instrumentalities, tools and the place of work for the person doing the work; (g) the length of time for which the person is employed; (h) the method of payment, whether by the time or by the job; (i) whether or not the work is a part of the regular business of the employer; (j) whether or not the parties believe they are creating the relationship of master and servant; and (k) the right of either to terminate the relationship without liability.
Id. at 784-85. The court noted that all the various factors are co-equal, with none to be given greater consideration than any of the others. Id. at 786.
¶ 7 A public body may use the factors in Page to determine whether a position should be considered an employee or an independent contractor. Applying these factors to a particular position would require making determinations of fact rather than law, an exercise our office is not authorized to perform. 74O.S. 2001, § 18b[74-18b](A)(5). We can say that if, given the factors above, the position were found to be that of an independent contractor, rather than an employee, it would be improper under25 O.S. Supp. 2004, § 307[25-307](B)(1) for the public body to discuss hiring someone to fill that position in an executive session.
 II. A "Pending" Claim Can Refer To Litigation Or An Administrative Action Which Either Presently Exists Or Is Merely Potential Or Anticipated.
¶ 8 You next ask whether the mere threat or possibility of litigation is sufficient for a public body to hold an executive session with its attorney under the OMA, Section 307(B)(4). That section states in pertinent part as follows:
 B. Executive sessions of public bodies will be permitted only for the purpose of:
. . . .
 4. Confidential communications between a public body and its attorney concerning a pending investigation, claim, or action if the public body, with the advice of its attorney, determines that disclosure will seriously impair the ability of the public body to process the claim or conduct a pending investigation, litigation, or proceeding in the public interest[.]
Id. This provision of the OMA contains substantially the same language as the statute which defines attorney-client privilege.See 12 O.S. Supp. 2004, § 2502[12-2502](D)(7).
¶ 9 We note at the outset that "pending" investigations, claims, and actions must refer to a wider class of things than those already in existence; otherwise, the term "pending" would be superfluous. "Pending" is not defined in the OMA or elsewhere in the Oklahoma Statutes. In such cases, the ordinary meaning of a word is used. 25 O.S. 2001, § 1[25-1]. The dictionary defines "pending" as "not yet decided: in continuance: in suspense" or "until the occurrence or completion of: while awaiting." Webster's Third New International Dictionary 1669 (3d ed. 1993). The first definition connotes something already in existence, while the second includes things not yet existing. Thus, "pending" can refer to an investigation, claim or action which either presently exists or is merely potential or anticipated.
¶ 10 The current language in Section 307(B)(4) of Title 25 allowing executive sessions for confidential communications between public bodies and their attorneys did not exist when the OMA was originally enacted. Despite the absence of express language in the OMA, however, the Oklahoma Supreme Court found that the attorney-client privilege was implicit because of the need for such private communications, stating:
 We have at issue two competing policy commitments, the need to have the public's business conducted in the open, and the principle of attorney-client confidentiality. The underlying goals of the "open meeting laws" can not be seriously challenged. If an informed citizenry is to meaningfully participate in government or at least understand why government acts affecting their daily lives are taken, the process of decision making as well as the end results must be conducted in full view of the governed. On the other hand, public bodies are charged with the duties and responsibilities of representing the public and protecting their property and their rights. In most cases the power to negotiate, contract and litigate are absolutely essential prerequisites to the proper performance of governmental functions the public bodies are duty bound to discharge. Without such authority public works could not be implemented (condemnation), the public treasury protected (claims against the government), or obligations owing to the public enforced.
. . . .
 . . . We find no Legislative intention to abrogate the principle of attorney-client confidentiality where public bodies are involved.
Okla. Ass'n of Mun. Attorneys v. State, 577 P.2d 1310,1313-14, 1315 (Okla. 1978). The Legislature added language to the OMA expressly recognizing the attorney-client privilege as grounds for an executive session in 1985. See 1985 Okla. Sess. Laws ch. 218, § 1. It is up to the public body and its attorney to determine whether holding an executive session is proper under Section 307(B)(4) of the OMA.
¶ 11 The Legislature did not exempt from public scrutinyevery discussion between a public body and its attorney involving a "pending investigation, claim, or action." 25 O.S.Supp. 2004, § 307[25-307](B)(4). Rather, such issues may be discussed in executive session only if the public body and its attorney determine that disclosure will "seriously impair" the body's ability to deal with the issues in the public interest. Id.
This limitation on the basis for an executive session under Section 307(B)(4) means a public body may not close a meeting merely to get general legal advice from its attorney that does not meet the standard of serious impairment and injury to the public interest.
¶ 12 To answer your question, a "pending" claim can refer to litigation or an administrative action that either presently exists or is merely potential or anticipated. A public body and its attorney may discuss such claims in an executive session if they determine that doing so openly would seriously impair the public body's ability to address the claim in the public interest. Whether any particular communication between a public body and its attorney is a valid basis for discussion in executive session under Section 307(B)(4) of Title 25 is a question of fact outside the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A public body may hold an executive session under the Open Meeting Act only to discuss the "employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee[.]" 25 O.S. Supp. 2004, § 307(B)(1). Discussing awarding a contract for professional services when the recipient will be an independent contractor, rather than a public officer or employee of the public body, is not a proper subject for an executive session. Whether a particular position qualifies as an employee or an independent contractor is a question of fact outside the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b(A)(5).
 2. A public body may convene in executive session under the Open Meeting Act for confidential communications with its attorney concerning "a pending investigation, claim, or action" if the body and its attorney determine that disclosure will "seriously impair" the public body's ability to address the issue in the public interest. 25 O.S. Supp. 2004, § 307(B)(4). A "pending" claim can refer to litigation or an administrative action which either presently exists or is merely potential or anticipated. Whether any particular communication between a public body and its attorney is a valid basis for discussion in executive session as a "pending investigation, claim, or action" is a question of fact outside the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b(A)(5).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DEBRA SCHWARTZ Assistant Attorney General
[1] The Legislature amended the OMA in its 2005 session, but those amendments do not affect the analysis of your questions.See 2005 Okla. Sess. Laws ch. 129, § 24; ch. 232, § 1.